JUDGE ROBERTSON
delivered the opinion oe the court:
This suit in equity was brought by the appellees against the appellant on his promissory note for boilers furnished to his steamboat J. L. Hyatt, and repairs of its engine by them, in fulfillment of a special contract previously made with him as owner of the boat. Claiming a lien on the boat, the petition sought a judgment in personam, and also in rent. The contract was made at Evansville, Indiana; the appellant’s domicil is Crittenden county, Kentucky; and his boat, running on the Ohio river, was attached at Smithland, on that river.
The circuit court rendered a personal judgment against the appellant, and judgment also for enforcing the asserted lien on his boat.
And the only question presented by this appeal is, whether the contract was technically maritime, and whether, therefore, the State or Federal court had jurisdiction to enforce it.
Maritime contracts made on the sea or on any of its tributaries, not within the jurisdictional limits of any State, always operate in rem; and contracts for repairs or supplies of a ship or boat, at the instance of the mas *397 ter only, and not in its home port, are made, ex necessitate, on the credit of the vessel, .and, therefore, imply a lien on it. But when the contract is made^in the home port, or by the owner himself, there or elsewhere, it is presumptively made on his personal credit alone, and does not imply a lien on his vessel; and this latter class of contracts are not, in the constitutional sense, maritime, so as to give jurisdiction to the Federal courts, but all depend on the common law, and are remediable in State courts, according to the local laws, which guide and govern them. To sustain these positions, citations of authorities, which are abundant and uniform, would be unnecessary supererogation.
No Federal court could, therefore, have maintained jurisdiction in this case; and the resulting jurisdiction of the State court is the necessary and obvious alternative; and, consequently, the Code of Practice having given a lien on the boat in all such cases as this, the judgment in rem, as well as that in personam, must be affirmed.